UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JONATHAN RUSKELL,

           Plaintiff,

    v.

NORTH COUNTY FIRE PROTECTION
DISTRICT OF MONTEREY COUNTY, et
al.,

           Defendants.

Case No.  15-cv-03540-BLF


**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS PORTIONS OF FIRST
AMENDED COMPLAINT**

**[RE:  ECF 20]**

       Plaintiff Jonathan Ruskell, a former firefighter, filed this lawsuit against his former employer and supervisor for compelling him to take a drug test and using the results of that test to terminate him.  Both the former employer and supervisor – North County Fire Protection District of Monterey County ("District") and Fire Chief Chris Orman ("Orman"), respectively – move to dismiss portions of the first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).  Defendants seek dismissal of Claims 5 and 6 in their entirety, as well as those portions of Claims 3, 4, and 5 seeking punitive damages against the District.  For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND[1]

       Plaintiff was employed as a firefighter by Defendant District.  FAC ¶ 6.  On November 3, 2014, Plaintiff was compelled to undergo drug testing under threat of termination.  *Id.* ¶ 8. Plaintiff claims that Defendants did not have a legitimate justification for the drug testing and that Defendants were engaged in a "fishing expedition."  *Id.*  Plaintiff was terminated based upon the results of the drug testing.  *Id.*

---

[1] The background facts are drawn from Plaintiff's factual allegations, which are accepted as true for purposes of the motion to dismiss, *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011), and from matters judicially noticeable.

United States District Court
Northern District of California

1   Plaintiff asserts claims for:  (1) unlawful search and seizure under 42 U.S.C. § 1983;

2   (2) invasion of privacy under 42 U.S.C. § 1983; (3) invasion of privacy under the California

3   Constitution, Art. 1, § 1; (4) invasion of privacy under California Civil Code § 43; (5) invasion of

4   privacy under common law; and (6) violation of the Confidentiality of Medical Information Act

5   ("CMIA"), Cal. Civ. Code § 56.20.

6   **II.    LEGAL STANDARD**

7   "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

8   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

9   *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

10   729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

11   as true all well-pled factual allegations and construes them in the light most favorable to the

12   plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  While a

13   complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

14   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

15   662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is

16   facially plausible when it "allows the court to draw the reasonable inference that the defendant is

17   liable for the misconduct alleged." *Id.*

18   **III.   DISCUSSION**

19   **A.     Defendant's Request for Judicial Notice**

20   Defendants request judicial notice of Plaintiff's Government Claim for Damages ("Tort

21   Claim") dated January 23, 2015.  Defs.' RJN, ECF 20-1.  Plaintiffs do not object to Defendants'

22   request.  The Court GRANTS Defendants' request for judicial notice of Plaintiff's Tort Claim.

23   *See* Fed. R. Evid. 201(b)(2); *Duke Energy Trading & Marketing, LLC v. Davis*, 267 F.3d 1042,

24   1048 n.3 (9th Cir. 2001) (taking judicial notice of tort claim plaintiff filed with the California

25   Victim Compensation and Government Claims Board).

26   **B.     Claim 5 – Common Law Invasion of Privacy**

27   Claim 5 asserts a common law claim for invasion of privacy against each Defendant.

28   Defendants seek dismissal of this claim under California Government Code § 815, which provides

2

United States District Court
Northern District of California

that "[e]xcept as otherwise provided by statute:  (a) a public entity is not liable for injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Cal. Gov't Code § 815.  Defendants argue that this provision precludes Plaintiff's claim based upon common law (rather than statute).  Plaintiff concedes Defendants' argument with respect to the District, but points out correctly that § 815 does not preclude liability against individual public employees such as Orman.  "Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."  Cal. Gov't Code § 820(a); *see also Avila v. Citrus Cmty. Coll. Dist.*, 38 Cal. 4th 148, 160 (2006) ("By statute, the Legislature has extended this common law standard of tort liability to public employees") (citing Cal. Gov't Code § 820(a)).  In their reply, Defendants abandon their § 815 argument with respect to Orman .

Defendant's motion to dismiss Claim 5 is GRANTED WITHOUT LEAVE TO AMEND as to the District and DENIED as to Orman.

### C.    Claim 6 – Violation of the Confidentiality of Medical Information Act

Claim 6 asserts a claim for violation of the CMIA, which provides that, with certain specified exceptions, "[n]o employer shall use, disclose, or knowingly permit its employees or agents to use or disclose medical information which the employer possesses pertaining to its employees without the patient having first signed an authorization . . . permitting such use or disclosure."  Cal. Civ. Code § 56.20(c).  "Medical information" is defined as "any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care . . . regarding a patient's medical history, mental or physical condition, or treatment."  Cal. Civ. Code § 56.05(j).  Plaintiff alleges that Defendants violated the CMIA "[b]y subjecting Plaintiff to unlawful drug testing and thereafter terminating Plaintiff based on that testing."  FAC ¶ 32, ECF 19.  Plaintiff alleges further that "[i]n subjecting Plaintiff to the illegal drug testing, Defendants did not obtain a lawful authorization from Plaintiff.  Thereafter Defendants knowingly used, disclosed and knowingly permitted its employees or agents to use that information against Plaintiff when terminating him."  *Id.* ¶ 34.

Defendants move to dismiss Plaintiff's CMIA claim on the ground that it was not fairly

3

presented in Plaintiff's Tort Claim.  When a plaintiff brings suit against a California public entity for monetary damages, he or she must comply with the California Tort Claims Act, Cal. Gov't Code § 810 *et seq.*  With certain exceptions not relevant here, the Act requires the presentation of "all claims for money or damages against local public entities."  Cal. Gov't Code § 905.   In general, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board."  Cal. Gov't Code § 945.4.  "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  *City of Stockton v. Sup. Ct.*, 42 Cal. 4th 730, 737-38 (2007).

The Tort Claim must include specific information identified in the statute, including the claimant's name and address, the "date, place and other circumstances" giving rise to the claim, a general description of the injury, and the name of the public employee causing the injury if known. Cal. Gov't Code § 910.  "The purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  *Stockett v. Assoc. of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) (internal quotation marks and citation omitted).  "Consequently, a claim need not contain the detail and specificity required of a pleading, but need only fairly describe what the entity is alleged to have done."  *Id.* (internal quotation marks, citation, brackets omitted).

In order to evaluate Defendants' motion, the Court must compare Plaintiff's CMIA claim with his Tort Claim to determine whether the former is fairly encompassed in the latter.  Plaintiff's four-page Tort Claim asserts in relevant part that:

> 7.      On November 3, 2014, Claimant was compelled under threat of termination to submit to illegal, unauthorized and unreasonable invasive drug testing. Defendants did not have any legitimate cause or other justification, including a warrant, to force Claimant to submit to such testing.  Defendants have conceded that their actions were justified simply on the basis that they were engaged in a so-called fishing expedition.  The results of said testing were utilized as the sole basis to terminate Claimant's employment with the District, causing him significant damages.

8.      However, in engaging in such actions, the Defendants have subjected Claimant to an unreasonable search and seizure, and violated his rights to privacy under common law, state law and federal law.  Defendants have violated Claimant's constitutional right to procedural and substantive due process.  In doing the things alleged herein, Defendants, and each of them, violated the rights of Claimant under the First and Fourteenth Amendments to the United States Constitution.  In addition, the Defendants' actions violate the California Constitution's protections, as well as the Government Code, the Labor Code and the Health and Safety Code.

Tort Claim, Defs.' RJN Exh. A, ECF 20-1.

Defendants argue that the Tort Claim focuses on the alleged unlawful *testing* performed on November 3, 2014, and that nothing in the Tort Claim put them on notice that Plaintiff also would seek to impose liability based upon later *use* of the medical information.  Defendants also observe that while the Tort Claim identifies several statutes and legal theories, it does not identify the CMIA as a basis of liability.  In response, Plaintiff points out that the Tort Claim *does* expressly allege damages based upon the later *use* of the test results:  "The results of said testing were utilized as the sole basis to terminate Claimant's employment with the District, causing him significant damages."  Tort Claim, Defs.' RJN Exh. A, ECF 20-1.  Plaintiff acknowledges that the Tort Claim does not expressly mention the CMIA, but he argues that he was not required to identify every potential legal theory in his Tort Claim.

Both sides rely upon *Stockett*, in which the California Supreme Court addressed the issue of variance between the plaintiff's tort claim and the theories of liability asserted in his complaint.  Stockett's tort claim alleged that he was wrongfully terminated in retaliation for supporting a female employee's sexual harassment complaints and in order to prevent him from soliciting bids from providers other than those already selected by means other than a competitive bid process.  *Stockett*, 34 Cal. 4th at 444.  During litigation, Stockett asserted additional wrongful termination theories, specifically that he was terminated for objecting to a conflict of interest and for exercising his free speech rights in favor of an open bid process.  *Id.* at 444-45.  Following a jury verdict in the amount of $4.5 million, the California Court of Appeal reversed the judgment on the basis that "allowing the conflict of interest and free speech theories to be presented to the jury" resulted in presentation at trial of "a very different case than one based solely on retaliation for objection to sexual harassment."  *Id.* at 445 (internal quotation marks omitted).

5

1    The California Supreme Court reversed, holding that Stockett's tort claim was adequate to

2    give the defendant "notice of all theories of wrongful termination." *Stockett*, 34 Cal. 4th at 446.

3    The California Supreme Court stated that while a "complaint is vulnerable to a demurrer if it

4    alleges a factual basis for recovery which is not fairly reflected in the written claim," a complaint's

5    "fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the

6    complaint is not based on an entirely different set of facts." *Id.* at 447 (internal quotation marks

7    and citation omitted).  Thus while "an effort to premise civil liability on acts or omissions

8    committed at different times or by different persons than those described in the claim" will be

9    unavailing, a complaint that "merely elaborates or adds further detail to a claim, but is predicated

10   on the same fundamental actions or failures to act by the defendants" will not run afoul of the Tort

11   Claims Act.  *Id.*

12   Applying those guidelines, the Court concludes that Plaintiff's Tort Claim was adequate to

13   give Defendants notice that Plaintiff would seek to establish liability based not only upon the drug

14   *testing*, but also upon the later *use* of the drug testing results.  While the precise theory upon which

15   Plaintiff now proceeds – violation of the CMIA – was not disclosed in Plaintiff's Tort Claim,

16   *Stockett* makes clear that additional theories of liability may be asserted in litigation so long as the

17   factual bases for the theories were adequately disclosed in the tort claim.  The Court acknowledges

18   that in *Stockett* both the tort claim and the complaint expressly alleged the same legal claim –

19   wrongful termination.  The variance between the tort claim and the complaint stemmed from the

20   assertion at trial of alternative theories of wrongful termination that were not alleged in the tort

21   claim.  In contrast, Plaintiff's Tort Claim does not expressly allege a violation of the CMIA.  In

22   considering whether this difference dooms Plaintiff's CMIA claim, the Court is "mindful that so

23   long as the policies of the claims statutes are effectuated, the statutes should be given a liberal

24   construction to permit full adjudication on the merits." *Stockett*, 34 Cal. 4th at 449 (internal

25   quotation marks, citation, and alterations omitted).  "As the purpose of the claim is to give the

26   government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate

27   meritorious actions, the claims statute should not be applied to snare the unwary where its purpose

28   has been satisfied." *Id.* at 446 (internal quotation marks and citations omitted).  Because

United States District Court
Northern District of California

6

1  Plaintiff's Tort Claim fairly describes what Defendants are alleged to have done – drug tested

2  Plaintiff without his consent and used the results of that drug test to fire him – the Court concludes

3  that Defendants were provided sufficient information to enable them to investigate Plaintiff's

4  claims.[2]

5          Accordingly, Defendants' motion to dismiss Claim 6 is DENIED.

6          **D.      Punitive Damages**

7          Plaintiff seeks punitive damages with respect to Claims 3, 4, and 5.  FAC ¶¶ 20, 25, 30.

8  Defendants move to dismiss the portions of those claims seeking punitive damages against the

9  District or, in the alternative, to strike the punitive damages allegations or to require a more

10  definite statement.  Plaintiff clarifies that he does not seek punitive damages against the District on

11  Claims 3, 4, and 5, and he states expressly that he does not oppose Defendants' motion to dismiss

12  on this ground.  Pl.'s Opp. at 8, ECF 21.

13          Defendants' motion to dismiss the portions of Claims 3, 4, and 5 seeking punitive damages

14  against the District is GRANTED WITHOUT LEAVE TO AMEND.

15  **IV.   ORDER**

16          (1)      The motion to dismiss Claim 5 is GRANTED WITHOUT LEAVE TO AMEND as

17                   to the District and DENIED as to Orman;

18          (2)      The motion to dismiss Claim 6 is DENIED; and

19          (3)      The motion to dismiss the portions of Claims 3, 4, and 5 seeking punitive damages

20                   against the District is GRANTED WITHOUT LEAVE TO AMEND.

21

22  Dated:  April 6, 2016

23                                                        _____

24                                                        BETH LABSON FREEMAN
                                                          United States District Judge
25

26  [2] The Court notes that its analysis may have been different had it been able to consider a case
    briefed and relied upon by Defendants, *Great Oaks Water Co. v. Santa Clara Valley Water*
27  *District*, 242 Cal. App. 4th 1187 (2015).  However, the California Supreme Court has granted
    review of that case and thus the Court may not consider it in evaluating Defendants' motion.
28  *Great Oaks Water Co. v. Santa Clara Valley Water District*, No. S231846, 2016 WL 1156561
    (Mar. 23, 2016).

United States District Court
Northern District of California